WILLIAM DODD ET AL., PROSECUTORS, v. WALTER D. VAN RIPER, ATTORNEY-GENERAL OF THE STATE OF NEW JERSEY, AND ACTING PROSECUTOR OF THE PLEAS OF HUDSON COUNTY, RESPONDENT.

Argued January 22, 1946—Decided February 4, 1946.

Before Justices CASE, BODINE and PERSKIE.

For the prosecutors, *Maurice C. Brigadier.*

For the respondent, Walter D. Van Riper, *George M. Eichler.*

The opinion of the court was delivered by

BODINE, J. The prosecutors of this writ were appointed county detectives in Hudson County on January 20th, 1944, from the Civil Service list. Two have since died and by appropriate order their personal representatives have been substituted. During the working test period, the Attorney-General, who had taken over the duties of the prosecutor's office, pursuant to the statute, notified each incumbent that his conduct and capacity were not satisfactory and that their services would be terminated as of April 20th, 1944.

The record submitted supports the action taken under *R. S.* 11:12–1–2. Everything that should have been done was done. *Lingrell* v. *Civil Service Commission,* 131 *N. J. L.* 461.

The argument is made that the work test period under the state service is four months, whereas the probationary period under the county service is three months. Be that as it may, the proofs show that none of the prosecutors were of any help in the office in preparing cases for trial and were unskilled in discovering facts and unable to distinguish between hearsay and legal testimony. During the three months that they were in the office, there was never a single occasion on which one of them reported to anyone in the office any information with respect to any offense in the county.

One of them at least demonstrated his frankness by stating to an assistant prosecutor: "You know, we have never been in court before, we are not supposed to do this work, we are only here as political appointees."

It is hard to understand how a longer test period would have accomplished any useful purpose, even if it were required.

Complaint is made that certain of the prosecutors were veterans. There are no special provisions made with respect to the removal of veterans from public office prior to their permanent appointment. The tenure statutes do not apply to the probationary period.

The writ will be dismissed.